UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DOE,

                                                  NO. CIV. S-06-2521 LKK/GGH

        Plaintiff,

   v.

ARNOLD SCHWARZENEGGER,                     **O R D E R**
Governor of California,
in his official capacity,
et al

        Defendants.
_____/

    On November 7, 2006, California voters enacted Proposition 83, the Sexual Predator Punishment and Control Act: Jessica's Law ("SPPCA"), which amends portions of the California Penal Code. Plaintiff John Doe seeks a temporary restraining order to enjoin defendants from enforcing three provisions of the SPPCA. First, section 21 prohibits any person required to register as a sex offender from residing within 2,000 feet of any public or private school, or park where children regularly gather. Cal. Penal Code § 3003.5. Second, section 22 requires any person convicted of a registerable sex offense to be monitored by a global positioning

1

1  system ("GPS") for life.  Cal. Penal Code § 3004.  Third, section
2  18 requires any person convicted of a registerable sex offense to
3  be monitored by GPS for the term of his or her parole.  Cal. Penal
4  Code § 3000.07.
5      Plaintiff pled no contest over twenty years ago to several
6  felonies requiring him to register as a sex offender under Cal.
7  Penal Code § 290.  Pursuant to the plea agreement, plaintiff was
8  sentenced to a term in state prison and was required to register
9  as a sex offender for his lifetime.  Thereafter, he served his
10 sentence and completed his parole.  Subsequently, in 2005,
11 plaintiff was convicted of failing to maintain registration
12 requirements.  Pursuant to a plea agreement, plaintiff served a
13 prison sentence for this matter.
14     Upon completion of his sentence in November 2005, plaintiff
15 agreed to certain parole conditions.  Among these conditions was
16 plaintiff's agreement "not to reside near any parks, schools, or
17 other areas where children congregate."  Decl. of John Doe, ¶ 7
18 ("Doe Decl.").  His current address has been approved by the
19 California Department of Corrections and Rehabilitation, but is
20 likely within 2,000 feet of a park where children gather.  Doe
21 Decl. ¶ 12.
22     In March 2006, his parole conditions were amended by agreement
23 to include GPS monitoring for the remainder of his parole.  The GPS
24 monitoring was conducted pursuant to (then) Cal. Penal Code § 3004.
25 This section provides that parole authorities may require
26 electronic monitoring under certain circumstances but generally

prohibits the use of electronic monitoring devices for the purpose of eavesdropping.

## II. Standard

The standard for a temporary restraining order and for a preliminary injunction are substantially the same. <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The Ninth Circuit's standard for a preliminary injunction requires that the moving party show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party. <u>Southwest Voters Registration Educ. Project v. Shelley</u>, 344 F.3d 914, 917 (9th Cir. 2003); <u>Dr. Seuss Enters. v. Penguin Books USA, Inc.</u>, 109 F.3d 1394, 1397 n.1 (9th Cir. 1997). These standards "are not separate tests but the outer reaches of a single continuum." <u>Int'l Jensen, Inc. v. Metrosound U.S.A.</u>, 4 F.3d 819, 822 (9th Cir. 1993) (citation omitted).

The court in any situation must find that there is at least a fair chance of success on the merits, <u>Johnnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995), and that there is some significant threat of irreparable injury, <u>Big County Foods, Inc. v. Bd. of Educ. of the Anchorage Sch. Dist.</u>, 868 F.2d 1085, 1088 (9th Cir. 1989).

## III. Analysis

First, plaintiff contends that the residency restriction violates the Ex Post Facto Clause. He has demonstrated a

3

substantial likelihood of success on the merits of his claim. Specifically, it is likely that the residency restriction is punitive in effect. See Smith v. Doe, 538 U.S. 84, 97 (2002) (setting forth the relevant factors in ascertaining whether a law is punitive in effect). Moreover, if forced to comply with the residency restriction during the pendency of this litigation, plaintiff would be forced to move from his home and therefore suffer irreparable harm. Accordingly, a temporary restraining order with respect to the residency restriction is GRANTED.

Second, plaintiff claims that the lifetime GPS monitoring requirement violates his due process rights by breaching the terms of his plea agreement. Plaintiff is already subject to GPS monitoring pursuant to the terms of his parole. The state has not yet imposed any additional burden to which plaintiff did not previously consent. Rather, the state will only be in breach of the plea agreement, if at all, when plaintiff's parole term expires and the state continues to subject him to GPS monitoring. He has not demonstrated that this will occur pending a full trial on the merits. Accordingly, there is no immediate threat of injury, and the motion for a temporary restraining order with respect to the lifetime GPS monitoring requirement is DENIED.

Finally, plaintiff maintains that, even though he is currently subject to GPS monitoring, the SPPCA removes certain protections that were previously in place regarding the use of GPS devices during parole, such as a prohibition on eavesdropping. Even assuming, arguendo, that plaintiff's interpretation of the statute

4

as removing these protections is correct, plaintiff has not demonstrated any immediate threat to his Fourth Amendment rights. Accordingly, the motion for a temporary restraining order with respect to the parole GPS requirement is DENIED.

## IV. Conclusion

The court orders as follows:

1. A temporary restraining order with respect to Cal. Penal Code § 3003.5(b) and (c) is hereby GRANTED. Defendants are temporarily restrained from enforcing Cal. Penal Code § 3003.5(b) and (c) against plaintiff without first notifying the court fourteen (14) days in advance.

2. The motion for a temporary restraining order with respect to Cal. Penal Code § 3000.07 is hereby DENIED.

3. The motion for a temporary restraining order with respect to Cal. Penal Code § 3004 is hereby DENIED.

4. A hearing on plaintiff's motion for a preliminary injunction is hereby SET for December 18, 2006, at 10:00 a.m. Defendants shall file an opposition or statement of non-opposition to plaintiff's motion by December 4, 2006. Plaintiff may file a response to defendant's opposition by December 11, 2006.

5. Plaintiff is ordered to SERVE a copy of this order on all defendants who do not have counsel who have appeared in this case.

IT IS SO ORDERED.

DATED: November 17, 2006.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT