UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DOE,

          Plaintiff,

    v.

ARNOLD SCHWARZENEGGER,
Governor of California,
in his official capacity,
et al

          Defendants.
_____/

NO. CIV. S-06-2521 LKK/GGH

**O R D E R**

Plaintiffs challenge the constitutionality of the Sexual Predator Punishment and Control Act (the "SPPCA" or "Proposition 83"), which imposes residency restrictions on sex offenders and requires GPS monitoring. Cal. Penal Code §§ 3000.7, 3003.5, & 3004. Pending before the court is a motion to intervene filed by the Association of Private School Administrators in Defense of Proposition 83, who seeks to intervene on behalf of defendants. In the alternative, the association seeks leave to file as an amicus. The court decides the matter on the parties' papers and after oral argument. For the reasons set forth below, the court

1

denies the motion to intervene but grants leave to file as an amicus.

## I. Background

The proposed intervenor, the Association of Private School Administrators in Defense of Proposition 83 (the "association"), is comprised of "administrators of private sectarian schools who are responsible for the safety of children in their care." Decl. of Willard Schoellerman, ¶ 2. The association is a California-based non-profit educational organization "created . . . to defend key portions of Proposition 83 that effect private religious schools as well as public ones." Id.

At present, it appears that the association is comprised of administrators from two schools, Capitol Christian School and Forest Lake Christian School. Pl.'s Opp'n to Mot. to Intervene, Ex. F. The association alleges that there are 25 registered sex offenders living in the same zip code area as Forest Lake Christian School and 40 registered sexual offenders living in the same zip code area as Capital Christian School. Counsel for plaintiff has informed the association that none of the plaintiffs in this action (whose identities are sealed) reside within 2,000 feet of either of these schools. Pl.'s Opp'n to Mot. to Intervene, Ex. F.

## II. Standard

**A. Intervention as of Right**

Rule 24(a)(2) directs the district court to grant intervention if "(1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which

2

is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties." Portland Audubon Society v. Hodel, 866 F.2d 302, 308 (9th Cir. 1989); United States v. State of Oregon, 913 F.2d 576, 587 (9th Cir. 1990). A district court is required to accept as true the non-conclusory allegations made in support of an intervention motion. Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819 (9th Cir. 2001) ("Southwest Center"). "Rule 24 is broadly construed in favor of applicants for intervention." United States v. Stringfellow, 783 F.2d 821, 826 (9th Cir. 1986). The test should be applied with an eye on practical considerations. Id. (citing Fed. R. Civ. P. 24(a)(2) advisory note ("[I]f an [applicant] would be substantially affected in a practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene . . . .").

**B. Permissive Intervention**

Where a party may not intervene as a matter of right under Rule 24(a), the court may consider whether permissive intervention under Rule 24(b) is appropriate. See Spangler v. Pasadena Board of Education, 552 F.2d 1326, 1329 (9th Cir. 1977). The district court's discretion to grant or deny permissive intervention is broad, see Spangler, 552 F.2d at 1329 (citing United States v. Board of School Commissioners, 466 F.2d 573, 576 (9th Cir. 1972)),

and includes the discretion to limit intervention to particular issues. See Van Hoomissen v. Xerox Corp., 497 F.2d 180, 181 (9th Cir. 1974).

Rule 24(b) permits intervention "when a statute of the United States confers a conditional right to intervene[,]" Fed. R. Civ. P. 24(b)(1), or when an applicant's claim or defense shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(2). Applicants seeking permissive intervention under Rule 24(b)(2) must also demonstrate that the court has an independent basis for jurisdiction over its claims or defenses. See Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998) (citing Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)).

If the above threshold conditions for either Rule 24(b)(1) or 24(b)(2) are met, the court should also evaluate "whether the movant's 'interests are adequately represented by existing parties,'" see Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989) (citing State of California v. Tahoe Regional Planning Agency, 792 F.2d 775, 779 (9th Cir. 1986)). The court may also consider whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. See Spangler, 552 F.2d at 1329 (citing Hines v. Rapides Parish School Bd., 479 F.2d 762, 765 (5th Cir. 1973)). Finally, consideration of "judicial economy" is also relevant in deciding a motion for permissive intervention. See Venegas, 867

4

F.2d at 531.

### III. Analysis

The association has filed a motion to intervene arguing that either intervention as of right or permissive intervention should be granted in this case. Because the court finds that the interests of the association are already adequately represented, the court denies the motion, but grants leave to file as an amicus.

**A. Intervention as of Right**

In order to intervene as of right, the proposed intervenor must establish the presence of four requirements: timeliness, a significantly protectable interest, impairment of that interest without intervention, and inadequacy of existing representation. Southwest Center, 268 F.3d at 817. This test has also been referred to as the Sagebrush Rebellion criteria. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir. 1983).

As an initial matter, plaintiff argues that, apart from the Sagebrush Rebellion criteria, the association lacks standing to intervene in the action. Notably, however, the Ninth Circuit has not yet ruled on whether a proposed intervenor must satisfy the case or controversy requirement of Article III. See Prete v. Bradbury, 438 F.3d 949, 955 n.8 (9th Cir. 2006) (noting the circuit split on "whether an intervenor-applicant must independently establish Article III standing to intervene as of right" but declining to reach the issue). Here, the court also need not reach the issue, because it finds that the association has failed to demonstrate that its interests are not already adequately

5

represented.[1]

In determining the adequacy of existing representation, the court must consider three factors. "(1) Are the interests of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is the present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit." Blake v. Pallan, 554 F.2d 947, 954-955 (9th Cir. 1977). The applicant bears the burden of demonstrating that its interests are not adequately represented by the existing parties. Sagebrush Rebellion, 713 F.2d at 528.

Ordinarily, this burden is minimal. Prete, 438 F.3d at 956. However, a presumption of adequate representation arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee. Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1499 (9th Cir. 1995); Prete, 438 F.3d at 957-58 (noting the "assumption of adequacy when the government is acting on behalf of a constituency that it represents") (internal quotes omitted). Furthermore, "[i]f the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." Id. at 957

---

[1] Accordingly, the court may assume, without deciding, that the other Sagebrush Rebellion criteria are met.

6

1  (internal quotes omitted).

2  Here, the association offers two justifications for its
3  assertion that its interests will not be adequately represented.
4  First, the association argues that because several of the
5  defendants in this action filed statements of non-opposition to the
6  motion, this constituted a concession that they could not
7  adequately represent the association's interests.  Of course,
8  parties may welcome the aid of intervenors on their behalf, even
9  if they in fact believe that the intervenors' interests are already
10 adequately represented.

11 Second, the association contends that the state defendants
12 lack the legal capacity to provide comparable advocacy to private
13 sectarian schools.  The association reasons that because the
14 California Constitution prohibits the state from granting any aid
15 to a religious sect under the "no aid clause," Cal. Const., Art.
16 XVI, § 5, the government lacks the legal capacity to provide
17 "comparable advocacy to private sectarian schools." Mot. at 8.
18 The association cites one concurring opinion for this proposition,
19 which states that "[t]he ban is on aid to religion in *any* form."
20 Fox v. City of Los Angeles, 22 Cal. 3d 792, 802 (1978) (Bird, C.J.,
21 concurring) (emphasis in original).

22 The association's position is without merit.  First,
23 Proposition 83 (and, a fortiori, the defense thereof) has nothing
24 to do with any type of governmental aid to religion.  By its
25 express terms, the residency restriction applies to "any" private
26 school -- not merely private sectarian schools.  Second, any

7

benefit to private sectarian schools derived from the state's defense of Proposition 83 is purely incidental, and certainly not the type of government aid prohibited by the California constitution. Taken to its logical extreme, the association's position would mean that the government could not enforce the residency restriction against a registered sex offender within 2,000 feet of a private sectarian school, because that action would be also barred by the no aid clause. Third, the California Constitution imposes a duty on the Attorney General to defend and enforce all laws as written. Accordingly, the state has a duty to vigorously defend the interests of private schools protected by Proposition 83.

In short, the association has not pointed to a single difference between the interests of the state in the constitutional validity and enforcement of Proposition 83 and the interests of the association in the same. Indeed, it appears that the interests of the association and state defendants are nearly perfectly aligned. Furthermore, the association has not demonstrated that the state cannot or will not defend the constitutionality of Proposition 83, particularly in light of the presumption that representation is adequate when a government officer is charged by law with representing the interests of the absentee. <u>Forest Conservation Council</u>, 66 F.3d at 1499. Finally, the association has not shown that it would add any necessary element to the proceedings if permitted to intervene.

Accordingly, the association has wholly failed to meet its

burden of demonstrating that the existing representation may be inadequate. The motion to intervene as of right is denied.

**B. Permissive Intervention**

The only remaining issue is whether the court should grant the motion for permissive intervention. Permissive intervention may be granted where the applicant demonstrates (1) an independent grounds for jurisdiction, (2) timeliness, and (3) a common question of law or fact between the applicant's claim or defense and the main action. Venegas v. Skaggs, 867 F.2d 527, 529 (9th Cir. 1989). Even if an applicant satisfies these criteria, the court has discretion to deny the motion. Donnelly, 159 F.3d at 412. In exercising this discretion, the court must consider whether the interests of the proposed intervenor are already adequately represented. Venegas, 867 F.2d at 530.

Here, the association has made no effort to identify an independent basis of jurisdiction. See Northwest Forest Resource Council, 82 F.2d at 839; E.E.O.C. v. Pan American World Airways, Inc., 897 F.2d 1499, 1509-10 (9th Cir. 1990). Furthermore, even if there were an independent basis for jurisdiction, the court would deny permissive intervention because, as set forth above, the interests of the association are already adequately represented by existing defendants. Accordingly, the motion for permissive intervention is denied.

////

////

////

1 **IV. Conclusion**

2 The motion to intervene is hereby DENIED.  The court grants
3 the association leave to file as an amicus.
4 IT IS SO ORDERED.
5 DATED:  January 17, 2007.

```
                                    /s/ Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT
```