UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DOE,

                            NO. CIV. S-06-2521 LKK/GGH

        Plaintiff,

   v.

ARNOLD SCHWARZENEGGER,             **O R D E R**
Governor of California,
in his official capacity,
et al

        Defendants.
_____/

    Plaintiffs challenge the constitutionality of the Sexual Predator Punishment and Control Act, which imposes residency restrictions and GPS monitoring on registered sex offenders. Pending before the court is plaintiffs' motion for a preliminary injunction. The court resolves the matter on the parties' papers and after oral argument. For the reasons set forth below, the court finds that the law has only prospective effect and is therefore inapplicable to plaintiffs.[1]

---

[1] By prospective effect, the court means that the law does not apply to persons convicted prior to the effective date of the

1

## I. Background

Plaintiffs challenge the constitutionality of the Sexual Predator Punishment and Control Act: Jessica's Law ("SPPCA"), which California voters enacted into law on November 7, 2006. The SPPCA prohibits registered sex offenders from residing within 2,000 feet of any public or private school, or park where children regularly gather, Cal. Penal Code § 3003.5, and requires them to be monitored by a global positioning system ("GPS") for parole, Cal. Penal Code § 3000.07, and for life, Cal. Penal Code § 3004. Previously, on November 17, 2006, the court granted a temporary restraining order with respect to the residency restriction but denied relief as to the GPS requirements. Pending before the court is plaintiffs' motion for a preliminary injunction.

**A. John Doe I**

Plaintiffs are registered sex offenders residing within California. John Doe I pled no contest over twenty years ago to several felonies requiring him to register as a sex offender under Cal. Penal Code § 290. Amended Decl. of John Doe I ("Doe I Decl.") ¶ 2. Pursuant to the plea agreement, plaintiff was sentenced to a term in state prison and was required to register as a sex offender for his lifetime. Id. 3-4. Thereafter, plaintiff pled no contest for his failure to maintain registration requirements and is currently on parole for that offense. Id. ¶¶ 8-9. In March

---

statute and who were paroled, given probation, or released from incarceration prior to that date. The court expresses no opinion upon the law's effect as to anyone else.

2006, his parole conditions were amended by agreement to include GPS monitoring for the remainder of his parole. Id. ¶ 11. The GPS monitoring was conducted pursuant to (then) Cal. Penal Code § 3004.

As part of plaintiff's parole, he agreed "not to reside near any parks, schools, or other areas where children congregate." Id. ¶ 9. His current location, where plaintiff has resided for the last nine months, has been approved by the California Department of Corrections and Rehabilitation. Id. ¶ 10. However, it is within 2,000 feet of several parks where children regularly gather. Id. ¶ 14. Plaintiff has also stated that he is currently seeking to relocate to another residence in the near future that is within 2,000 feet of a school or park where children regularly gather. Id. ¶ 18.

In October 2006, prior to the passage of the SPPCA, plaintiff received a letter from parole authorities informing him of the potential impact of the law. Id. ¶ 12. It stated that "[i]n the event it is determined your residence is within 2000 feet of any public or private school, or a park where children regularly congregate, you will be required to move to a new residence to be in compliance with the changes in the law." Mot. for Preliminary Injunction, Ex. C.

**B. John Doe II**

John Doe II pled no contest to several felony offenses requiring him to register as a sex offender over fifteen years ago. Decl. of John Doe II ("Doe II Decl.") ¶ 2. Pursuant to the plea agreement, plaintiff served a sentence and thereafter completed his

1  parole. Id. ¶¶ 4-5. He is currently in the process of obtaining
2  a Ph.D. from a university in California. Id. ¶ 10. Plaintiff
3  resides within 2,000 feet of a school or park where children
4  regularly gather and has lived at this location for sixteen months.
5  Id. ¶ 6. Furthermore, plaintiff has stated his intention of moving
6  in the near future to another residence that is also within 2,000
7  feet of a school or park where children regularly gather. Id. ¶
8  14.

**C. John Doe III**

John Doe III was convicted in 1974 of a felony offense requiring him to register as a sex offender. First Amended Compl. ("FAC") ¶ 49. As a result, he served a three year prison term. Id. ¶ 4. Currently, he is on probation for failing to maintain registration requirements. Id. Plaintiff has been residing for six months at a location within 2,000 feet of a park where children regularly gather. Decl. of John Doe III ("Doe III Decl.") ¶ 6. He has also stated his intention of relocating to another residence in the near future that is within 2,000 feet of a school or park where children regularly gather. Id. ¶ 17.

## II. Standard

A motion for preliminary injunction requires that the moving party show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party. Southwest Voters Registration Educ. Project v. Shelley, 344 F.3d 914, 917 (9th Cir.

2003); Dr. Seuss Enters. v. Penguin Books USA, Inc., 109 F.3d 1394, 1397 n.1 (9th Cir. 1997). These standards "are not separate tests but the outer reaches of a single continuum." Int'l Jensen, Inc. v. Metrosound U.S.A., 4 F.3d 819, 822 (9th Cir. 1993) (citation omitted). As the probability of success on the merits decreases, the degree of irreparable harm must increase. Big Country Foods, Inc. v. Bd. of Educ. of the Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989). Under either formulation, the court must find that there is some significant threat of irreparable injury, regardless of the magnitude of that injury. Id.

### III. Analysis

Plaintiffs request a preliminary injunction to enjoin defendants from enforcing the provisions of the SPPCA imposing residency restrictions and requiring GPS monitoring. Cal. Penal Code §§ 3003.5, 3004, & 3000.07. As explained below, the court finds that the SPPCA, properly construed, has only prospective effect and is therefore inapplicable to plaintiffs.

As an irreducible minimum, Article III of the U.S. Constitution requires plaintiffs to have suffered actual or threatened injury that is caused by a defendant's putatively illegal conduct and that can be redressed by a favorable court ruling. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). While plaintiffs may credibly fear that the SPPCA will be enforced against them in light of its language and the letter

that John Doe I received from parole authorities,[2] the court finds that the law does not apply to individuals who were convicted and who were paroled, given probation, or released from incarceration prior to its effective date.[3]

The court notes at the outset that it is obligated to adopt the interpretation of the law that best avoids constitutional problems. See I.N.S. v. St. Cyr, 533 U.S. 289, 299-300 (2001) ("[I]f an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is 'fairly possible,' . . . we are obligated to construe the statute to avoid such problems."); see also Planned Parenthood of Idaho, Inc. v. Wasden, 376 F.3d 908, 925 (9th Cir. 2004). California courts follow the same rule. See Young v. Haines, 41 Cal. 3d 883, 898 (1986). Here, reading the SPPCA retroactively would raise serious ex post facto concerns, and the court is obligated to avoid doing so if it can reasonably construe the statute prospectively.[4]

---

[2] This is true even though none of the defendants currently hold the belief that the law should have full retroactive effect.

[3] The defendants are in disagreement on the precise scope of the statute's effect, but under any of the proposed interpretations, plaintiffs would fall outside the class of affected individuals.

[4] In light of the constitutional avoidance doctrine, the task of interpreting the SPPCA does not raise particularly difficult or complex issues of state law. Although defendants Schwarzenegger, Tilton, Davis, and Hoffman urge the court to abstain under the Pullman doctrine, Pullman abstention is only appropriate where the resolution of the potentially determinative state law issues is uncertain, i.e., "[when] a federal court cannot predict with any confidence how a state's highest court would decide an issue of

The SPPCA does not expressly address the issue of retroactivity, but it is well-established in California that statutes operate prospectively unless there is clear evidence of intent to the contrary. See Evangelatos v. Superior Court of Los Angeles County, 44 Cal. 3d 1188, 1207 (1988) ("[S]tatutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent.") (internal quotation marks and citation omitted). This principle has been characterized as a "time-honored principle," id. at 1208, that is "familiar to every law student," id. at 1207 (quoting United States v. Sec. Indus. Bank, 459 U.S. 70, 79 (1982) (Rehnquist, J.)).

Indeed, the principle is expressly codified in the California Penal Code: "No part of [this code] is retroactive, unless expressly so declared." Cal. Penal Code § 3; see also Cal. Civ. Code § 3. To infer retroactivity is no small feat. "[A] statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application." Evangelatos, 44 Cal. 3d at 1208. Formulated differently, a law may be given retroactive effect only by "the unequivocal and inflexible import of the terms, and the manifest intention of the legislature." Id. at 1207 (internal quotation marks and citations omitted).

---

state law." Fireman's Fund Ins. Co. v. City of Lodi, 302 F.3d 928, 939 (9th Cir. 2002). Plainly, that is not the case here.

7

Here, the SPPCA is silent on the issue of retroactivity, and it is not "very clear" from extrinsic sources that the intent of the voters was to make it retroactive. See Tapia v. Superior Court, 53 Cal. 3d 282, 287 (1991) (interpreting voter-approved proposition as operating only prospectively where proposition was silent on issue of retroactivity). To determine the intent of a voter-approved initiative, the plain meaning of the law is typically most instructive, Davis v. City of Berkeley, 51 Cal. 3d 227, 234 (1990), but the SPPCA evinces no textual intent of retroactivity. With regard to extrinsic sources, plaintiffs note that the "Argument in Favor of Proposition 83" section contained within the official ballot summary stated that "[o]ver 85,000 registered sex offenders live in California," and that the law would "[c]reate PREDATOR FREE ZONES." Def.'s Request for Judicial Notice, Ex. A (capitalization in original). Plaintiffs cite to this as evidence of an intent to apply the law retroactively.

This is far from "very clear" evidence of an intent to make the law retroactive. First, the reference to the number of sex offenders in California is a neutral statement of fact, which voters could have reasonably construed as characterizing the scope of the problem and its potential expansion, rather than as purporting to address the problem in its entirety. Second, while the term "predator free zones" is troubling, it is not "very clear" that it contemplates retroactive application. Rather, it is the type of sloganeering to be expected of an

argument in favor of the law, not to be taken literally. The SPPCA does not, for instance, bar sex offenders from entering the 2,000 feet zone around schools or parks; it only prohibits them from residing there. Accordingly, voters could reasonably interpret the quoted language as creating a goal of establishing "predator free zones," which the SPPCA takes one step toward achieving, albeit prospectively.[5]

Plaintiffs press that construing the SPPCA as having only prospective effect would be at odds with the interpretation currently given to other sex offender laws. First, the law known as "Megan's Law," which established a public internet database of sex offenders, uses language similar to the SPPCA, and contains no express retroactivity provision. Yet, the website lists several thousand sex offenders, the majority of whom committed their offenses prior to the passage of Megan's Law in 2004. Cal. Penal Code § 290.46. Second, in People v. Castellanos, 21 Cal. 4th 785, 789-90 (1999), the California Supreme Court rejected an ex post facto challenge to a law that enabled trial courts to order sex offender registration for any crime if it was committed "for purposes of sexual gratification." Cal. Penal Code § 290(a)(2)(D)(ii). In so

---

[5] The fact that proponents of the initiative also construed the law as only having prospective effect is further evidence of the reasonableness of this interpretation. See Aff. of Geoffrey Graybill. While the opinion of the drafters of a law cannot establish the intent of the electorate, Lungren v. Deukmejian, 45 Cal. 3d 727, 742 (1988), it may shed light on whether voters could have reasonably viewed the law in a similar manner.

9

ruling, the court necessarily assumed that the law applied to the plaintiff (who had committed his offenses prior to the law's passage), but, as here, the law contained no express retroactivity provision.

Neither of these points persuades the court that it should read the SPPCA retroactively. First, Megan's Law merely directs the California Department of Justice to make certain information publicly available; it does not appear to regulate sex offenders directly.[6] Accordingly, the presumption of prospective application is never triggered in the first instance. Second, the court in Castellanos assumed that the law at issue applied to the plaintiff, but its opinion never actually addressed the statutory issue.[7] More importantly, neither the current enforcement of Megan's Law nor Castellanos relieves this court of its overriding obligation -- driven by both California statute and case law -- to give laws only prospective effect unless there is clear evidence to the contrary.

Finally, plaintiffs argue that even if the SPPCA does not currently apply to them, at least some of the defendants will attempt to enforce the law once plaintiffs relocate to another residence within 2,000 feet of a school or park where children

---

[6] In contrast, the provision of the penal code requiring sex offender registration applies to "[a]ny person who, since July 1, 1944, has been or is hereafter convicted in any court in this state . . ." Cal. Penal Code § 290(a)(2).

[7] It is possible, for instance, that the extrinsic sources relevant to the law in that case may have evinced a clear intent of retroactivity that is absent here.

10

1  regularly gather.[8]  This interpretation of the law, which only
2  the Attorney General has advanced, borders on the frivolous.
3  The SPPCA makes absolutely no distinction between sex offenders
4  currently residing within a 2,000 feet zone and those who later
5  relocate within such an area.  Accordingly, plaintiffs face no
6  risk of injury from the enforcement of this particular
7  interpretation of the law.

## IV. Conclusion

The motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

DATED:  February 9, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[8] Defendants contend this claim is not ripe for review. In determining the ripeness of a pre-enforcement challenge to a law, the court must examine "whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement." Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 773 (9th Cir. 2006) (describing constitutional component to ripeness).

Here, while it is true that the SPPCA does not have a history of enforcement given its nascency, the other two criteria are met. First, plaintiffs' declarations reveal unequivocal and non-speculative intentions to move in the near future. Doe I Decl. ¶ 18; Doe II Decl. ¶ 14; Doe III Decl. ¶ 17; see MedImmune v. Genentech, 127 S. Ct. 764, 772 (2007) (noting that plaintiffs need not expose themselves to liability before bringing suit). Second, the Attorney General stated at oral argument that it believed the plaintiffs would be in violation of the law if they were to move to another residence within 2,000 feet of a school or park where children regularly gather.

11